A95A1121. DEPARTMENT OF ADMINISTRATIVE SERVICES
v. BROWN et al.
(464 SE2d 7)

ANDREWS, Judge.

In this interlocutory appeal, the Department of Administrative Services ("DAS") challenges the trial court's denial of its motion to intervene in a personal injury case asserted by DAS's insured, Luneda Brown.

The underlying negligence action involves an automobile collision in December 1993. A tractor-trailer driven by an employee of Leon Jones Feed & Grain, Inc. ("Jones") allegedly injured Brown, a Sumter County Health Department employee acting within the scope of her employment. As a result, DAS, the State's workers' compensation self-insurer, paid Brown over $100,000 in workers' compensation benefits.

After Brown commenced this action against Jones, its driver, the owner of the trailer, and their insurers, DAS moved to intervene. In denying the motion, the trial court found that (1) intervention would prejudice Brown's case; (2) Brown adequately represented DAS's interests; and (3) DAS's intervention would cause evidentiary and other problems.

DAS argues that OCGA § 34-9-11.1 created an unconditional right to intervene because it paid Brown workers' compensation for

injuries caused by a third party with no relationship to the employer.

Applicants may intervene as of right under two circumstances: (1) when a statute confers "an unconditional right" to intervene and (2) when they claim an interest relating to the property or transaction which is the subject matter of the action and are so situated that the disposition of the action may impair their ability to protect that interest, unless other parties adequately represent their interests. OCGA § 9-11-24 (a) (1), (2).

OCGA § 34-9-11.1 creates a subrogation lien on behalf of employers and insurers for amounts paid in workers' compensation. DAS bases its contention that it has an unconditional right to intervene on language in § 34-9-11.1 (b) which states, "[t]he employer or insurer may intervene in any action to protect and enforce such lien." Although we reject DAS's argument that "may" means "shall" in this context, we interpret the statutory language at issue as granting DAS the right to intervene if it chooses to do so. OCGA § 1-3-3 (10); cf. *Jennings v. Suggs*, 180 Ga. 141 (178 SE 282) (1935); see, e.g., OCGA § 53-4-36.

In addition, DAS may intervene as of right under OCGA § 9-11-24 (a) (2). DAS possesses an interest in Brown's recovery due to its subrogation lien on the workers' compensation funds it paid Brown. OCGA § 34-9-11.1 (b). As a practical matter, without intervention, DAS's interest could be impaired should Brown settle and disperse her award without DAS's knowledge. Nor does it appear that DAS's interests are adequately represented by the existing parties, inasmuch as Brown argued below that DAS would not be entitled to any recovery if she was not first fully and completely compensated. Intervention is also warranted because under the instant circumstances DAS has no right to pursue its own independent action against the third parties. OCGA § 34-9-11.1 (c); G. Mark Cole, Note, "Review of Selected 1992 Georgia Legislation: Labor and Industrial Relations," 9 Ga. St. L. Rev. 285, 293, n. 60 (1992); cf. *Zinser v. Tormenta, S.A.*, 213 Ga. App. 824, 825 (446 SE2d 249) (1994).

The arguments against intervention are not persuasive. Brown's proposal that DAS renew its motion after judgment jeopardizes DAS's interests in the event of settlement or during trial. For example, DAS's interests would be best served by a special verdict form in order to assert its lien rights while Brown's interests would be better served by a general verdict. Moreover, notwithstanding Brown's argument, "[i]ntervention after judgment is not usually permitted and to justify it requires a strong showing." (Citations omitted.) *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 958 (3) (216 SE2d 897) (1975). Further, appropriate instructions to counsel and the jury could abate any potential prejudice to Brown's case or evidentiary problems caused by DAS's intervention.

Under these circumstances, we find that the trial court abused its discretion in denying DAS's motion to intervene. *Zinser*, supra at 825. We therefore reverse and remand for proceedings consistent with this opinion.

*Judgment reversed and case remanded. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 25, 1995 —
RECONSIDERATION DENIED NOVEMBER 7, 1995 —

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Assistant Attorney General, Webb & Lindsey, Mark D. Oldenburg,* for appellant.

*Watson, Spence, Lowe & Chambless, Mark A. Gonnerman, Barksdale & Mobley, Steven J. Misner, Kenneth M. Henson, Jr.,* for appellees.