A97A2150. BARTOW COUNTY BOARD OF EDUCATION v. RAY.
(494 SE2d 29)

BEASLEY, Judge.

This appeal is from the denial of a workers' compensation subrogation lien asserted by an employer pursuant to OCGA § 34-9-11.1.

On February 24, 1994, Linda Ray was injured in a motor vehicle collision that occurred in the course of her employment as a school bus driver for the Bartow County Board of Education. Bartow County paid her $39,926.20 in workers' compensation benefits. Ray later sued both the driver and the owner of the other vehicle in tort, and Bartow County intervened to assert its subrogation lien as permitted in OCGA § 34-9-11.1.

At trial, Ray sought over $900,000 in damages for past and future lost wages, medical expenses and pain and suffering, but the jury returned a general verdict in her favor for only $175,000. Neither Bartow County nor any other party requested a special verdict. Bartow County presented no evidence at trial, and before entry of judgment it showed only the amount of workers' compensation benefits Ray received, compared to the amount of special damages proven at trial and the amount of the verdict.

Emphasizing that an employer's right to recover a subrogation lien under the statute depends upon the injured employee first being fully and completely compensated and that the employer has the burden of establishing such, the trial court concluded that, absent a special verdict or some evidence of the jury's intent other than the amount of workers' compensation benefits compared to the amount of

the general verdict, it was unable to determine whether Ray had been so compensated. Finding that Bartow County failed to establish that the jury's award fully and completely compensated Ray, the court denied the subrogation lien.

Bartow County contends that the trial court erred in requiring a special verdict, because Ray only demonstrated special damages of $34,984.42 in medical expenses and $19,455.54 in lost wages, and common sense dictates a finding that the jury's award of $175,000 fully and completely compensated her. It argues that where the award exceeds the amount of special damages, a presumption arises that the award also fully and completely compensates for noneconomic losses, else a claimant could easily defeat an employer's subrogation lien by inflating the prayer for damages and thereby frustrate the legislative intent behind the statute.

OCGA § 34-9-11.1 (a) allows an employee, for whom workers' compensation is payable, to pursue a third-party tort action for damages against the tortfeasor. Under OCGA § 34-9-11.1 (b), the employer has a subrogation lien for any benefits paid the employee and may intervene in such an action to protect and enforce such a lien. "[T]he employer's or insurer's recovery under this Code section shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated, taking into consideration both the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury." Id.

The statute was enacted to allow an employer to recover the amount of workers' compensation benefits paid out, but a primary legislative concern was that the injured employee first be made whole. Cole, Review of Selected 1992 Georgia Legislation: Labor & Industrial Relations, 9 Ga. State L. Rev., pp. 285, 293, n. 65 (1992). That concern is consistent with Georgia public policy that an insurer cannot seek subrogation unless and until its insured has been completely compensated for his or her losses. See *Duncan v. Integon Gen. Ins. Corp.*, 267 Ga. 646 (482 SE2d 325) (1997). The statute prescribes no method by which an employer can establish that a workers' compensation recipient has been fully and completely compensated by a recovery from a third-party tortfeasor. As previously suggested in *Dept. of Admin. Svcs. v. Brown*, 219 Ga. App. 27 (464 SE2d 7) (1995), utilization of a special verdict form may be the most practical solution.

"Verdicts shall have a reasonable intendment and shall receive a reasonable construction." OCGA § 9-12-4. Applying that principle in a workers' compensation subrogation context, whether a claimant

has been fully and completely compensated is easily determined where a general verdict awards less than the proven economic losses, or where the verdict awards exactly the amount of damages sought. A claimant would not be fully compensated for all losses in the former situation but would be in the latter. But where the jury awards more than the amount of economic losses and less than the noneconomic losses claimed, as in this case, reference to the general verdict alone is likely to be inadequate because of the impossibility of determining what portion of the award applied to economic losses and what portion applied to noneconomic losses.

Although it is possible the jury intended first to award Ray all of her economic losses, with the remainder for pain and suffering, it is equally possible the jury intended most of the award to compensate for pain and suffering. The latter scenario would not leave Ray fully and completely compensated for her economic losses. Further, the tortfeasor in this case contested the causation of Ray's damages and attempted to show that some damages were attributable to injuries she sustained in a previous accident. Given that circumstance, reference to the general verdict alone likewise cannot rule out the possibility that the jury reduced its award based on that defense.

No presumption of full and complete compensation arises merely from the fact that the award exceeds the amount of workers' compensation benefits received or the amount of economic damages proven. To conclude otherwise would in effect relieve the subrogee employer of its burden to establish that the injured employee has been fully and completely compensated. Of course, the prayer for damages is not dispositive on the issue of whether the plaintiff was fully and completely compensated because a plaintiff could be in error or could defeat a subrogation lien by inflating the prayer for damages. The amount of damages claimed is merely a factor in determining the issue of full and complete compensation.

In the absence of some other evidence of the jury's intendment, the record fails to establish that Ray has been fully and completely compensated for all economic and noneconomic losses. OCGA § 34-9-11.1 does not require use of a special verdict form, but its use would have given to the employer the answer it is now impossible to ascertain.

The trial court properly denied Bartow County's subrogation lien.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED OCTOBER 27, 1997 —
RECONSIDERATION DENIED NOVEMBER 13, 1997 —

*Goldner, Sommers, Scrudder & Bass, Alfred A. Quillian, Jr., Jane C. Taylor*, for appellant.
*Jeffrey S. Gilbert*, for appellee.