A98A2258. NORTH BROTHERS COMPANY et al. v. THOMAS et al.

(513 SE2d 251)

BLACKBURN, Judge.

North Brothers Company and GAB Robbins (collectively North Brothers) appeal the trial court's order denying and dissolving a workers' compensation subrogation lien against the recovery received by Michael A. Thomas pursuant to a personal injury suit brought by him against Alfred A. Hughes. North Brothers contends that Thomas has been fully compensated for his economic and noneconomic losses generated by his injury, and, as such, it should be allowed to assert its lien against his trial recovery pursuant to OCGA § 34-9-11.1.

On April 22, 1996, Thomas was injured in an automobile wreck with tortfeasor Hughes, creating a cause of action in tort. At that time, Thomas was acting within the scope of his employment for North Brothers and was entitled to workers' compensation benefits. Thereafter, North Brothers, through its workers' compensation carrier, GAB Robbins, paid workers' compensation benefits to Thomas, which it sought to recoup through intervention in the Thomases' tort action against Hughes.

Such a recovery was historically not permitted in Georgia under our long-standing collateral source rule. The federal government created the right to recover the expenditure of taxpayer dollars paid to injured parties under a host of federal programs, where the injured party had a cause of action against a third party, by creating a lien thereon and a right of intervention. Thereafter, the Georgia legislature created a similar right in insurance companies, notwithstanding the fact that such companies receive a premium for the risks they take, and no taxpayer dollars have been expended. Presumably, it was felt that such recoveries by insurance companies would ultimately reduce costs to such companies and that lower premiums would then result.

OCGA § 34-9-11.1, which provides a limited right of subrogation to workers' compensation providers, was enacted in 1995. No subro-

gation thereunder could occur unless the injured employee had been fully and completely compensated.

On May 17, 1996, Thomas and his wife filed a tort action against Hughes, contending that the automobile collision was caused by Hughes' negligence, pursuant to OCGA § 34-9-11.1 (a). North Brothers contends that through GAB Robbins, it had paid medical expenses of $61,844.89,[1] and temporary disability benefits for Thomas.

North Brothers was allowed to intervene in the Thomases' action against Hughes pursuant to OCGA § 34-9-11.1 (b), which states:

> In the event an employee has a right of action against such other person as contemplated in subsection (a) of this Code section and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien. However, the employer's or insurer's recovery under this Code section shall be *limited to* the recovery of the amount of *disability benefits, death benefits, and medical expenses* paid under this chapter and shall only be recoverable if the injured *employee has been fully and completely compensated*, taking into consideration *both* the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

(Emphasis supplied.)

The statute was enacted to allow an employer to recover the amount of workers' compensation benefits paid out, but a primary legislative concern was that the injured employee first be made whole. That concern is consistent with Georgia public policy that an insurer cannot seek subrogation unless and until its insured has been completely compensated for his or her losses. See *Duncan v. Integon Gen. Ins. Corp.*, 267 Ga. 646 (482 SE2d 325) (1997). The statute prescribes no method by which an employer can establish that a workers' compensation recipient has been fully and completely compensated by a recovery from a third-party tortfeasor. As pre-

---

[1] North Brothers contends that the medical expenses amounted to $61,844.89, and Thomas contends that his medical expenses totaled $60,030.37.

viously suggested in *Dept. of Admin. Svcs. v. Brown*, 219 Ga. App. 27 (464 SE2d 7) (1995), utilization of a special verdict form may be the most practical solution.

(Citation omitted.) *Bartow County Bd. of Ed. v. Ray*, 229 Ga. App. 333, 335 (494 SE2d 29) (1997). Without such a special verdict form, appellate courts could not determine what portions of the award the jury applied toward economic and noneconomic losses, and, as a result, it would be impossible to determine whether a plaintiff had been fully compensated for his losses. The outcome in many such situations would be that a workers' compensation subrogation lien could not be enforced. Id. It is the responsibility of the workers' compensation provider to protect its interest by intervention and special verdict requests.

In this case, North Brothers did intervene, and the jury did return a special verdict, allowing for appellate analysis of the trial court's dissolution of North Brothers' subrogation lien. The jury in the tort action found for the Thomases and awarded the following: (1) medical expenses — $25,000; (2) lost wages — $0; (3) pain and suffering — $25,000; (4) loss of consortium — $0; and (5) attorney fees — $0.

In its order enforcing the jury's verdict, the trial court found that Thomas had not been fully and completely compensated for all economic and noneconomic losses caused by his injury. Pursuant to this finding the trial court denied and dissolved North Brothers' subrogation lien.

The initial question is whether Thomas was fully and completely compensated for his losses.[2] The jury awarded Thomas the sum of $25,000 for pain and suffering. North Brothers paid no sums for pain and suffering in Thomas' workers' compensation claim. If the lien was allowed to apply to the pain and suffering award of $25,000, Thomas would then not have been compensated for his pain and suffering claim. Under the express language of OCGA § 34-9-11.1 (b), no subrogation claim can be recovered where there has not been full compensation for the employee's injuries.

Where, for example, the employee's weekly wages exceeded the amount of the workers' compensation weekly benefit actually received, the employer would not be allowed to recover the weekly benefits paid unless and until such time as the employee has been compensated for the difference between the workers' compensation weekly

---

[2] Although Thomas also received compensation from his uninsured motorist carrier, "nothing in the statutory scheme authorizes an insurer to assert a subrogation right against an injured person's uninsured motorist benefits." *Stewart v. Auto-Owners Ins. Co.*, 230 Ga. App. 265, 268 (495 SE2d 882) (1998).

benefit actually received and the employee's normal weekly wage.

The employee has not been fully compensated, and no subrogation claim would thus be permitted, if there are any outstanding claims for medical expenses for which the employee would be liable, or there are other such items, for which damages are recoverable from the tortfeasor, for which workers' compensation provides no benefits. Where there has been a jury trial with a special verdict form, the allocation of any award is controlled by the jury verdict.

A review of the record in this matter shows that Thomas admits that the medical benefits paid under his workers' compensation claim are at least $60,030.37. The jury awarded Thomas the sum of $25,000 for medical expenses. There is nothing in the record which indicates that Thomas has any outstanding medical or other claims or obligations which should be considered in determining whether or not he has been fully compensated. We conclude, therefore, that Thomas has been fully compensated for his medical expenses.

North Brothers therefore has a right to enforce its subrogation lien, but only as to sums in excess of the amount required to fully and completely compensate Thomas. The trial court erred by dismissing North Brothers' lien under the facts herein presented. Although North Brothers' subrogation lien remains viable, it must be limited to the $25,000 awarded by the jury to Thomas as medical expenses, and it cannot be asserted against the remaining $25,000 awarded to Thomas for pain and suffering for the reasons outlined above.

Accordingly, North Brothers' lien remains viable, but only as to the $25,000 jury award for medical expenses.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 1, 1999 —
RECONSIDERATION DENIED MARCH 10, 1999 —

*McLain & Merritt, Jeffrey E. Hickcox, Andrew D. Horowitz,* for appellants.

*Peter G. Williams,* for appellees.