A99A0184. HOMEBUILDERS ASSOCIATION OF GEORGIA
v. MORRIS.
(518 SE2d 194)

JOHNSON, Chief Judge.

This is a workers' compensation case of first impression involving the application of OCGA § 34-9-11.1 (b), which provides that an employer's insurer shall have a subrogation lien against an injured employee's right of action against a person other than the employer. The issue presented by this case is whether evidence of the employee's comparative/contributory negligence or assumption of the risk is relevant in determining an insurer's recovery pursuant to this Code section. We conclude that under the plain terms of OCGA § 34-9-11.1 (b) such evidence is irrelevant to an insurer's subrogation claim.

Morris worked on a construction crew placing prefabricated trusses on the roof of a building. He stepped on a truss that had been placed across an open span between the building's walls. A joint in the truss gave way causing Morris to fall ten feet to the ground. Homebuilders Association of Georgia, Inc., the workers' compensation insurer, paid medical benefits on behalf of Morris totaling $117,902 and income benefits to Morris totaling $62,620.

Morris sued Georgia Mountain Components, Inc., the designer of

the truss and joint, for breach of warranties and negligent design. Pursuant to OCGA § 34-9-11.1, Homebuilders moved to intervene on the ground that it had a subrogation lien up to the amount of workers' compensation benefits paid to Morris. The trial court granted the motion and allowed Homebuilders to intervene. Georgia Mountain and Morris subsequently settled their dispute for $200,000, and Georgia Mountain was dismissed from the suit.

Morris contested Homebuilders' subrogation claim on the ground that OCGA § 34-9-11.1 (b) requires an injured employee to be "fully and completely compensated" for all his economic and noneconomic losses before an employer/insurer is entitled to any portion of the employee's recovery against a third-party tortfeasor. Morris insisted that the $200,000 settlement with Georgia Mountain had not fully and completely compensated him for his losses. To resolve the issue, the trial court allowed the case to proceed to trial with only Morris and Homebuilders as parties.

On the day of trial, Morris made a motion in limine to prevent Homebuilders from introducing any evidence of Morris' contributory or comparative negligence or his assumption of the risk. The trial court granted the motion on the ground that OCGA § 34-9-11.1 (b) does not permit consideration of any evidence of the employee's contributory/comparative negligence or assumption of the risk in the court's calculation of whether the employee had been fully and completely compensated for his injuries.

The suit proceeded to trial, and the jury returned a special verdict awarding Morris a total of $924,902 in compensatory damages, which consisted of $117,902 in past medical expenses, $75,000 in past pain and suffering, $112,000 in past lost earnings, $175,000 in future medical expenses, $225,000 in future pain and suffering, and $220,000 in future lost earnings. The trial court entered judgment on the verdict and ordered that Homebuilders, as intervenor, take nothing from the settlement funds. Homebuilders appeals from the judgment, challenging the court's exclusion of evidence of Morris' comparative/contributory negligence and assumption of the risk.

The admission or exclusion of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *American Petroleum Products v. Mom and Pop Stores*, 231 Ga. App. 1, 7 (3) (497 SE2d 616) (1998). However, " 'the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care.' [Cit.]" Id.

Homebuilders argues the court abused its discretion in granting the motion in limine because Morris' losses in his tort action against Georgia Mountain must be determined with regard to state tort law principles. Under those principles, Homebuilders claims, if Georgia Mountain had remained a party in the case the court properly would

have allowed the jury to hear evidence of Morris' contributory/comparative negligence and assumption of the risk of injury. Thus, even after Georgia Mountain was dismissed from the case the jury still should have heard that same evidence because Homebuilders stood in the shoes of tortfeasor Georgia Mountain.

Homebuilders, however, does not stand in the shoes of Georgia Mountain as a tortfeasor. Rather, its subrogation rights are derived exclusively from OCGA § 34-9-11.1 of the Workers' Compensation Act, not from general tort law principles. The Act specifies that an employer/insurer is only entitled to proceeds after the employee has been fully and completely compensated. Accordingly, the question is whether Morris was fully and completely compensated for his losses *within the meaning of OCGA § 34-9-11.1 (b)*, not within the meaning of general principles of tort law.

OCGA § 34-9-11.1 (b) instructs courts, in determining whether an employee has been fully and completely compensated, to consider both the workers' compensation benefits the employee has received and the amount of the employee's recovery against the third-party. These are the only instructions provided by the legislature. The statute does not direct courts to take into account the employee's contributory/comparative negligence or assumption of the risk, and we must assume the omission was intentional.

> This omission "invites the application of the venerable principle of statutory construction expressio unius est exclusio alterius: the express mention of one thing implies the exclusion of another; or the similar maxim more usually applied to statutes, expressum facit cessare tacitum, which means that if some things (of many) are expressly mentioned, the inference is stronger that those omitted are intended to be excluded than if none at all had been mentioned. [Cits.] The omission of any such reference from [the Code subsection] must be regarded as deliberate." (Punctuation and emphasis omitted.) [Cit.]

*Padgett v. City of Moultrie*, 229 Ga. App. 500, 503 (1) (494 SE2d 299) (1997).

This construction of OCGA § 34-9-11.1 (b) is buttressed by the legislative concern evidenced in the statute that the injured employee be made whole — regardless of any fault on his part — before the employer is allowed to recover the amount of workers' compensation benefits paid out. *Bartow County Bd. of Ed. v. Ray*, 229 Ga. App. 333, 334 (494 SE2d 29) (1997). See also *North Brothers Co. v. Thomas*, 236 Ga. App. 839, 840-841 (513 SE2d 251) (1999). Moreover, it comports with the overall purposes of the Act. "Although the

Workers' Compensation Act is in derogation of common law, it is highly remedial in nature. . . . It must be construed liberally in favor of the claimant in order to accomplish its beneficent purposes. [Cit.]" *Subsequent Injury Trust Fund v. Lumley Drywall*, 200 Ga. App. 703, 704-705 (409 SE2d 254) (1991).

Accordingly, we find the trial court properly considered only the workers' compensation benefits Morris had received and the amount of the settlement with Georgia Mountain in determining whether Morris had been fully and completely compensated for his losses. Evidence of Morris' contributory/comparative negligence and assumption of the risk was properly excluded.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 21, 1999.

*Whiteman, Smith & Hamilton, Charles C. Hamilton*, for appellant.

*Douglas E. Smith*, for appellee.

