A02A0169. HARTFORD INSURANCE COMPANY v. FEDERAL EXPRESS CORPORATION et al.

(559 SE2d 530)

BLACKBURN, Chief Judge.

Following a bench trial, Hartford Insurance Company appeals the trial court's ruling that it was not entitled to enforce its subrogation lien against settlement proceeds received by Willie Binyard pursuant to OCGA § 34-9-11.1. For the reasons set forth below, we affirm.

The record shows that, on December 10, 1997, Binyard was employed by Cort Furniture Rental as a delivery person. That day, while riding as a passenger in a Cort truck, Binyard was struck from behind by a Federal Express Corporation truck being driven by Jack Bacon, resulting in a low impact collision. Following this collision, Binyard began to experience pain in his back and legs, and he sought out medical treatment. Binyard subsequently filed suit against Bacon and his employer, Federal Express.

While his lawsuit was pending, Binyard filed a workers' compensation claim against Cort, and this claim was accepted by Hartford, Cort's workers' compensation insurance carrier. It is undisputed that Hartford paid Binyard a total of $65,170.86 in workers' compensation benefits, consisting of $29,133.09 in indemnity benefits, $16,037.77 in medical benefits, and $20,000 in settlement of Binyard's claim.

In accordance with OCGA § 34-9-11.1 (b), Hartford intervened in Binyard's case against Bacon and Federal Express. However, before the case reached a trial, Binyard settled his case for $75,000. Following this settlement, Hartford asserted a workers' compensation subrogation lien against Binyard. Binyard refused to pay this lien, arguing that he had not been fully and adequately compensated for his economic and noneconomic losses as required by OCGA § 34-9-11.1.

A bench trial followed in which Hartford contended that Binyard had greatly exaggerated the extent of his injuries, that he no longer needed medical assistance, and that, as such, he had been fully and adequately compensated for his economic and noneconomic losses. In response, Binyard argued that he had been permanently disabled, that he was in dire need of future medical assistance, and that, although he had chosen to settle his case, he had not been fully and adequately compensated for his economic and noneconomic losses.

After sifting the evidence, the trial court found that,

> [w]hile it appears from the evidence presented that [Binyard's] injuries resulted from a relatively minor collision, the medical testimony adduced did not unequivocally refute the seriousness or extent of his injuries. As Hartford has not carried its burden of proving that [Binyard] has been fully

compensated as required by OCGA § 34-9-11.1, the Court finds that it is not entitled to recover any amounts on its subrogation lien.

It is this ruling which Hartford now appeals.

OCGA § 34-9-11.1 (b) provides:

> In the event an employee has a right of action against such other person as contemplated in subsection (a) of this Code section and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien. However, the employer's or insurer's recovery under this Code section shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated, taking into consideration both the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

"OCGA § 34-9-11.1 (b) instructs courts, in determining whether an employee has been fully and completely compensated, to consider both the workers' compensation benefits the employee has received and the amount of the employee's recovery against the third-party. These are the only instructions provided by the legislature." *Homebuilders Assn. of Ga. v. Morris*.[1]

As an initial matter, we note that the bulk of Hartford's brief is dedicated to rearguing the questions of fact presented to the trial court. Specifically, Hartford argues that Binyard's injuries, if any, were faked or exaggerated by him in order to collect workers' compensation benefits without having to work. Hartford contended, therefore, that Binyard's illusory injuries were finite, that his pain and suffering were chimerical, and that he needed no further medical attention. In support of these claims, Hartford offered medical records from several doctors who opined that Binyard did, indeed, exaggerate his symptoms.

Binyard, however, offered contradictory evidence, pointing out that even the doctors upon whom Hartford relied determined that he

---

[1] *Homebuilders Assn. of Ga. v. Morris*, 238 Ga. App. 194, 196 (518 SE2d 194) (1999).

had a five percent permanent disability rating. Furthermore, Binyard testified that his pain continued and that he wished to seek further medical treatment for his suffering. In addition, Binyard provided the medical records of his own doctor who determined that Binyard had a destabilized sacroiliac joint as a result of the collision, that he was totally disabled from gainful employment, and that he was badly in need of further treatment.

Although Hartford attempts to vociferously relitigate the facts of this case on appeal, we must defer to the trial court's factual findings following a bench trial unless they are clearly erroneous. See, e.g., *McCollum v. O'Dell.*[2] Here, as discussed above, there was adequate evidence supporting the trial court's determination that "the medical testimony adduced did not unequivocally refute the seriousness or extent of [Binyard's] injuries."

This finding of fact, in turn, supports the trial court's determination that Hartford had not carried its burden of showing that Binyard had been fully compensated pursuant to OCGA § 34-9-11.1. The evidence accepted and weighed by the trial court, as finder of fact, included reports which indicated that Binyard's injuries were severe and that he needed continuing treatment. Clearly, if this evidence were accepted as credible, and apparently it was, Binyard would be subject to future medical expenses, lost wages, and pain and suffering. Accordingly, under the facts of this case, it cannot be said that Binyard was fully compensated.

And, contrary to Hartford's argument, *North Bros. Co. v. Thomas*[3] does not require a finding in this case that Binyard had been fully compensated for his medical expenses, even if he had not been fully compensated for pain and suffering. In *North Bros.*, the plaintiff, Thomas, received a special verdict from a jury in which he was awarded a specific amount for medical expenses. In this circumstance we found:

> A review of the record in this matter shows that Thomas admits that the medical benefits paid under his workers' compensation claim are at least $60,030.37. The jury awarded Thomas the sum of $25,000 for medical expenses. There is nothing in the record which indicates that Thomas has any outstanding medical or other claims or obligations which should be considered in determining whether or not he has been fully compensated. We conclude, therefore, that Thomas has been fully compensated for his medical expenses. North Brothers therefore has a right to enforce its

---

[2] *McCollum v. O'Dell*, 241 Ga. App. 6 (525 SE2d 721) (1999).
[3] *North Bros. Co. v. Thomas*, 236 Ga. App. 839, 842 (513 SE2d 251) (1999).

subrogation lien, but only as to sums in excess of the amount required to fully and completely compensate Thomas.

Id.

Here, there is some evidence, which the trial court found to merit some credibility, that Binyard's injury and required treatment are ongoing, unlike the plaintiff in *North Bros.* Moreover, in *North Bros.*, the record included a specific finding by the jury allocating a part of its award for medical expenses. In this case, by contrast, there was no specific payment made for medical expenses, merely a lump sum settlement. Furthermore, there is no copy of the settlement in the record for this Court to review. As such, *North Bros.* is distinguishable from the case at hand.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JANUARY 29, 2002.

*Schenck & Associates, Michael H. Friedman*, for appellant.
*Bovis, Kyle & Burch, John H. Peavy, Jr.*, for appellees.