## S03A0081. LEONE HALL PRICE FOUNDATION v. BAKER et al.

(577 SE2d 779)

CARLEY, Justice.

Leone Hall Price died in 2001. Under the terms of her will, the Leone Hall Price Foundation (Foundation), a private inter vivos charitable trust, was the principal beneficiary. Both the will and the trust instrument were executed shortly before Ms. Price died. The trust agreement did not name any specific beneficiaries, but provided that its general purpose was to

> promote education, historical restoration and preservation, ecological, geological and the environmental projects in Bartow County, Carroll County, Cherokee County, Cobb County, Douglas County, Fulton County and Paulding County, Georgia.

The will and trust instrument were drafted by attorney Hubert Holland, who was named as the executor of the will and, along with his wife, a co-trustee of the Foundation. Three of the testatrix's seven heirs-at-law filed caveats, alleging undue influence on the part of Mr. Holland. The probate court ordered the parties to attempt to negotiate a settlement. Pursuant to a consent order, the Attorney General intervened to represent the interests of the potential beneficiaries of the Foundation. OCGA § 53-12-115. The State Revenue Commissioner also participated in the negotiations. OCGA § 53-12-116. An agreement was submitted to the probate court for its approval. However, the Foundation, acting through Mr. and Mrs. Holland in their capacities as co-trustees, filed an objection. The probate court approved the settlement over the objection, and the Foundation, again acting through its co-trustees, filed a notice of appeal. Those who consented to the agreement, including the Attorney General and Revenue Commissioner, are hereinafter denominated collectively as Appellees.

1. Appellees have filed a motion to dismiss, contending that the Foundation does not have standing to bring this appeal.

A "trust can act only through its trustees. . . ." *Wammock v. Smith*, 143 Ga. App. 186, 187 (1) (237 SE2d 668) (1977). Here, the Foundation, acting through Mr. and Mrs. Holland, sought to object to the settlement, but the probate court held that approval by the trust and its trustees was unnecessary under OCGA § 53-5-25. In their representative capacities, the co-trustees filed a notice of appeal on behalf of the Foundation, and the style of that document is not determinative of appellate jurisdiction. *Bagwell v. Henson*, 124 Ga. App. 92, 93 (1) (183 SE2d 485) (1971). The enumerations of error assert that the probate court erred because the Foundation is a beneficiary

of the will whose consent was not obtained in accordance with the requirements of OCGA § 53-5-25. A party who sought unsuccessfully to intervene in a proceeding can appeal from the final judgment entered therein. *Astin v. Callahan*, 222 Ga. App. 226, 228 (2) (474 SE2d 81) (1996). Therefore, the trust, acting through Mr. and Mrs. Holland, has standing to contest the ruling that its consent was not necessary under the statute, and Appellees' motion to dismiss is hereby denied. Cf. *Wammock v. Smith*, supra at 186 (1).

2. OCGA § 53-5-25 (b) provides, in relevant part, that the settlement agreement "shall be assented to in writing . . . by all sui juris beneficiaries affected by such a settlement." The probate court held that the consent of the Foundation and its co-trustees is not required under this provision because they do not have a beneficial interest in the trust property. By its terms, however, the statute does not specify the type of interest that a signatory must have in the deceased's estate. It provides only that the parties to the agreement be those beneficiaries who are affected by the proposed settlement of the pending will contest. Although the Foundation does not have a beneficial interest in the corpus of the trust itself, it unquestionably occupies the status of a beneficiary under terms of the testatrix's will. "It is a generally accepted principle that a trust is a [legal] entity separate from its beneficiaries. [Cit.]" *Henderson v. Collins*, 245 Ga. 776, 780-781 (5) (267 SE2d 202) (1980). Thus, the dispositive issue is whether the Foundation, as a distinct legal entity, is affected by the proposed settlement agreement.

The agreement, if enforced, would terminate the Foundation by divesting the co-trustees of legal title to the trust property, in contravention of the settlor's expressed intention. Compare *Woodruff v. Trust Co. of Ga.*, 233 Ga. 135 (210 SE2d 321) (1974) (trustee does not have the right to oppose termination where only beneficiary of trust is settlor). There is certainly no more profound effect on the Foundation as a separate legal entity than its complete dissolution. The trustee must have a voice in whether to take that ultimate step, because he has a general duty to prevent destruction of the trust. See IIA Scott on Trusts (4th ed.), § 178. That duty extends even to the situation where, as here, the trust beneficiaries have given their consent to its termination.

> [T]he wishes of the settlor in creating the trust are paramount to the wishes of the beneficiaries. Even though the beneficiaries all consent and are all sui juris, they cannot compel the termination of the trust if such termination would run counter to the intention of the settlor in creating the trust.

IV Scott on Trusts (4th ed.), § 337, p. 433. Therefore, the Foundation is a beneficiary affected by the proposed settlement, and the probate court erred in ruling otherwise.

The Attorney General and Revenue Commissioner represent the beneficiaries of the Foundation in seeking an end to the trust. See *Warren v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 Ga. App. 758, 759 (1) (544 SE2d 190) (2001). However, the co-trustees are duty-bound to represent the interests of the Foundation itself as a separate legal entity established by Ms. Price. Acting in their representative capacities, they have determined that destruction of the Foundation and dispersal of its property as proposed by Appellees runs counter to the settlor's intent when she created the charitable trust. Accordingly, they have declined to assent to the proposed settlement agreement. Because all of the beneficiaries of Ms. Price's will affected by the agreement have not consented, the probate court erred in entering judgment based upon the incomplete agreement.

3. Appellees maintain that satisfaction of the requirements of OCGA § 53-5-25 is immaterial, because compliance with that statute is not mandatory. "[T]here is no requirement that [settlement] agreements be approved by the court, [but] the parties may submit them for approval so as to bind the parties and serve as res judicata. [Cits.]" *King v. King*, 199 Ga. App. 496, 498 (3) (405 SE2d 319) (1991). Thus, Appellees correctly assert that where the agreement does not comport with OCGA § 53-5-25, its validity is "governed by the rules applicable to all contracts. [Cit.]" *Beckworth v. Beckworth*, 255 Ga. 241, 243 (1) (a) (336 SE2d 782) (1985).

However, one of the fundamental rules of the law of contracts is that only those parties to the agreement are bound by it. " 'In order that there may be an agreement, the parties must have a distinct intention common to both and without doubt or difference. Until all understand alike, there can be no assent, and therefore no contract. . . .' [Cit.]" *Weill v. Brown*, 197 Ga. 328, 332 (29 SE2d 54) (1944). Thus,

> [w]here *all the parties* interested in the estate of a testator as heirs or beneficiaries under the will are legally competent to contract, they may settle controversies by agreement and need not seek the approval of the court under the statute. [Cit.] (Emphasis supplied.)

*Beckworth v. Beckworth*, supra at 243 (1) (b). Here, all of the parties have not agreed, since the Foundation, as a beneficiary under Ms. Price's will, objected to the proposed settlement. Therefore, the Foundation is not bound by the terms of that agreement and, absent the approval of that separate legal entity, there is no valid settlement

among all of the beneficiaries.

4. Remaining contentions are moot and need not be addressed.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 10, 2003.

*Alston & Bird, Jay D. Bennett, James W. Williams, Nowell D. Berreth,* for appellant.

*J. Michael Treadaway, Ray B. Gary, Jr., C. Fred Reeves, Donald L. Mize, Mazursky & Dunaway, Randall A. Constantine, Thurbert E. Baker, Attorney General, Grace E. Lewis, Senior Assistant Attorney General,* for appellees.