# Court of Appeals
# of the State of Georgia

ATLANTA,  May 06, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1187. ERGLE v. CITY OF ATLANTA.

In this personal injury case, Nicole Ergle, acting as next friend and attorney in fact for Jerry Donald Ergle, sued the City of Atlanta and others seeking damages for pain and suffering, past and future medical expenses, and lost earnings based on injuries received by Jerry, who was alive but incapacitated at the inception of the action. After the City moved for summary judgment, but before the trial court ruled, Jerry passed away, and a statement of the fact of his death was entered. No party was substituted at that time. The trial court granted summary judgment to the City, and Nicole filed this appeal on Jerry's behalf. The City has now moved to dismiss the appeal on the ground that the appeal is a nullity.

Although the plaintiff in this case is Nicole, she has at all times acted as next friend and attorney in fact for Jerry, and the relief sought was in Jerry's name for Jerry's injuries; she made no claim on behalf of the estate or any other party.  See *Fuller v. Dillon*, 220 Ga. 36, 43 (3) (136 SE2d 733) (1964) (noting the difference between a "next friend" and the party and stating that next friend is not suing in her individual capacity). See also *Mathews v. Cleveland*, 159 Ga. App. 616, 617-618 (284 SE2d 634) (1981).

A deceased person cannot be a party to legal proceedings. While the death of a party does not abate a pending action where the cause of action survives, nevertheless the effect of the death is to suspend the action as to the decedent until someone is substituted for the decedent

as party to the proceedings. *Until someone is properly substituted as a party after the action is thus suspended, further proceedings in the case are void as to the decedent.* Since it appears that there is no living [appellant] in this case and that none can be supplied by amendment or by order of this court, it follows that the appeal is a nullity. *[T]he proceedings [in the trial court] subsequent to [Ergle's] death . . . are void, not merely voidable.* On the death of a party, the action is suspended and the suspension has the same temporary effect on the rights of the parties as though the suit actually abated. The action remains in abeyance and cannot proceed until someone is substituted for the decedent, and the personal representative or heirs of the decedent are not required to take notice of the pendency or defend the action until they are made parties.

(Citations and punctuation omitted; emphasis supplied.) *Ashburn Bank v. Gorday*, 189 Ga. App. 565, 565 (377 SE2d 30) (1988), citing *Allen v. Cloudburst Manufacturing Co.*, 162 Ga. App. 188-189 (290 SE2d 529) (1982). See also *Clark v. Masters*, 297 Ga. App. 794, 794 (678 SE2d 538) (2009). Compare *SunTrust Bank v. Travelers Prop. Cas. Co. of Am.*, 321 Ga. App. 538, 541 (740 SE2d 824) (2013) (hearing the appeal and substituting a party after a motion was made in this Court based on the party's death *after* this Court docketed the appeal). Accordingly, the City of Atlanta's motion to dismiss is hereby GRANTED.

Ergle's motion to substitute a party is DENIED as moot, in light of the void trial court order and resulting nullity of this appeal. See *Allen*, 162 Ga. App. at 189 (failure to properly substitute a party in the trial court results in a void order, and the appeal is a nullity, even after the former party's death was suggested upon the record before the trial court's ruling).



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* __05/06/2021__

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*