A89A0053. POWERS FERRY CONSTRUCTION, INC.
et al. v. COMMERCE BUILDERS, INC.
(381 SE2d 755)

CARLEY, Chief Judge.

Appellee-plaintiff brought suit against appellant-defendant Powers Ferry Construction, Inc. (PFC), alleging a claim for breach of contract and also seeking to recover on a promissory note. Appellant-defendants Mary Austin and John Ransdell were joined in the action in their capacities as guarantors of the promissory note. The case was tried before a jury and, as to both claims, verdicts in favor of appellee were returned. Appellants appeal from the judgments entered by the trial court on the jury's verdicts.

1. As to the issue of their liability on the promissory note, appellants enumerate as error the denial of their motions for directed verdict and for judgment n.o.v.

In two written agreements, appellee contracted to construct commercial buildings for appellant PFC. Each contract contained the identical clause: "Terms of Payment: $1,000 down upon acceptance of contract. Billings on 1st of month for labor or materials on job-site. Payment due on 10th of month." Notwithstanding this clause, appellant PFC failed to make timely payments and appellee demanded assurances of payment as a condition of its continued performance. In return for appellee's promise to forbear filing liens, appellants acknowledged that the sum of $119,560.69 was then past due and owing to appellee for its part performance to date and appellant PFC executed a note in that amount which appellants Austin and Ransdell guaranteed. When the note subsequently went into default, appellee ceased further performance under the contract and brought this action.

On this evidence, appellants urge a failure of consideration in that appellee did not complete the buildings that it had contracted to build. "A party to an entire contract who has partly performed it and subsequently abandons the further performance according to its stipulations, *voluntarily and without fault on the part of the other party* or his consent thereto, can recover nothing for such part performance." (Emphasis supplied.) *Ala. Gold Life Ins. Co. v. Garmany*, 74 Ga. 51-52 (2) (d) (1884). Appellee did not, however, abandon its performance of the contracts "voluntarily and without fault on the part" of appellant PFC. Appellee ceased to perform only because appellant PFC had breached the contracts by failing to make timely payments. See *Hill v. Harris*, 11 Ga. App. 358 (7) (75 SE 518) (1912). "[W]here, in a continuing contract, one side refuses to perform, the other may accept the tender of the breach of contract, refuse to perform further and sue for damages. . . ." *Concrete Materials of Ga. v. Smith & Plaster Co. of Ga.*, 127 Ga. App. 817, 825 (5) (195 SE2d 219) (1973). "If the nonperformance of a party to a contract is caused by the conduct of the opposite party, such conduct shall excuse the other party from performance." OCGA § 13-4-23. Accordingly, appellee's failure to perform was excused by appellant PFC's breach of the contract and appellee is entitled to recover for its part performance. See *Flake v. Bowman*, 28 Ga. App. 443 (7) (111 SE 747) (1922). It is undisputed that, at the time the promissory note and guarantees were executed, appellant PFC was indebted to appellee in the amount of $119,560.69 for labor and for materials then on the job site. The trial court did not err in denying appellant's motions for directed verdict and for judgment n.o.v.

2. Appellants enumerate as error the admission of evidence regarding the funds that had been made available to appellant PFC for completion of the building projects. The contention is that the evidence was inadmissible as relating to appellants' wealth and worldly

circumstances. This objection was never raised below. The only objections that were presented to the trial court went to the general relevancy of the evidence. Even assuming that these relevancy objections were themselves sufficiently specific to present anything for review, the error, if any, was harmless. As noted, the evidence related to the funds that had been made available to appellant PFC for completion of the building projects. The admission of this evidence, even if irrelevant, could in no way have prejudiced appellants in their defense of the claims based upon appellee's participation in those very projects. "Errors in admission or exclusion of evidence which would in no event alter or affect the outcome of the case are harmless and do not require reversal." *Owens v. Svc. Fire Ins. Co.*, 90 Ga. App. 553 (3) (83 SE2d 249) (1954).

3. As to the breach of contract claim against appellant PFC, the jury returned a verdict in favor of appellee, but awarded damages of only $1 for lost profits. Appellant PFC urges that this verdict is inconsistent with the verdict on the promissory note.

If appellant PFC breached its contract with appellee, as the jury was authorized to find, then appellee was entitled to recover for its part performance of the contract *and* its lost profits, up to the contract price. See *Stowers v. Hall*, 159 Ga. App. 501 (2) (283 SE2d 714) (1981). Accordingly, the jury's verdicts, finding in favor of appellee as to *both* claims, are in no way contradictory or repugnant. That, after having heard the evidence as to damages, the jury returned $1 as nominal damages for the lost future profits occasioned by appellant PFC's breach of contract is not inconsistent with its return of a verdict for actual damages for appellee's part performance.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 14, 1989.

*Fred L. Cavalli*, for appellants.
*Vincent, Chorey, Taylor & Feil, Otto F. Feil III, Celeste McCollough*, for appellee.