## S02Q0399. GEORGIA ELECTRIC MEMBERSHIP CORPORATION v. HI-RANGER, INC. et al.

(563 SE2d 841)

FLETCHER, Chief Justice.

After being injured on the job, Tim Franks and his employer Georgia Electric Membership Corporation (GEMC) jointly filed suit in federal district court against Hi-Ranger, Inc.[1] and others, who were responsible for the manufacture of the boom mechanism that allegedly caused Franks's injuries. GEMC sought to recover the workers' compensation benefits it had paid to Franks. Franks settled his claim against Hi-Ranger and filed a notice of dismissal with prejudice. The district court granted summary judgment to Hi-Ranger on the ground that Franks's release of Hi-Ranger disposed of GEMC's claim as well. The Eleventh Circuit Court of Appeals certified to this Court the question of whether a claim for repayment of workers' compensation benefits against a third-party tortfeasor is extinguished by the employee's settlement of his claims and execution of a limited release. Because Hi-Ranger's release agreement with Franks specified that GEMC's claims would remain pending, we answer the question in the negative.

1. When a worker is injured on the job, his recovery is usually limited to benefits under workers' compensation.[2] If a person other than his employer, however, has legal liability for the employee's injury, the employee may bring suit against that third-party.[3] If the employee has such a claim, the employer is granted a subrogation lien, not to exceed the actual amount of workers' compensation benefits paid, against the employee's recovery.[4] The employer may intervene in the employee's suit, but OCGA § 34-9-11.1 (b) provides that the employer may recover only after the employee has been "fully and completely compensated."[5]

If the employee fails to bring suit within one year, OCGA § 34-9-11.1 (c) permits the employer to assert the employee's cause of action directly against the tortfeasor. Subsection (c) limits the employer's recovery to the amount of its subrogation lien by requiring that any amount collected in excess of the lien be paid over to the employee.

GEMC argues that the full and complete compensation rule is inapplicable if an employer brings an action under subsection (c) of OCGA § 34-9-11.1. However, the language establishing the full and

---

[1] Hi-Ranger manufactured the boom mechanism and, through various asset and stock purchases, its liabilities are the responsibility of Terex Telelect, Inc. For ease of discussion, the defendant will be referred to as Hi-Ranger.

[2] OCGA § 34-9-11.

[3] OCGA § 34-9-11.1 (a).

[4] OCGA § 34-9-11.1 (b).

[5] Id.

complete compensation rule clearly provides that it is a limitation on the employer's recovery "under this Code section." Thus, there is no basis in the statutory language for limiting the full and complete compensation rule to one subsection of the Code section.[6]

Furthermore, subsection (c) does not create a different or independent cause of action in the employer, but only permits the employer to assert "the employee's . . . action in tort."[7] Subsection (c) outlines the procedural requirements for an employer to assert a claim when an employee fails to do so within one year following the injury. Therefore, GEMC's argument that the full and complete compensation rule is inapplicable to actions filed under subsection (c) cannot be sustained under the plain language of the statute.

2. Even though the full and complete compensation rule applies to subsections (b) and (c), it may operate differently depending upon the procedural posture of the case. When an employee files suit under subsection (b), the employer may recover on its lien only after the employee has been fully and completely compensated.[8] In practice, this rule requires the employer to assert its lien against the employee after the employee has recovered a judgment or settled his claim.[9] The burden is then on the employer to establish that the employee has been fully and completely compensated.[10]

However, when an employer files an action under subsection (c), there is no recovery against which to assert the lien. If the employee does not participate and assert his right to full and complete compensation, the employer is only required to pay to the employee any amount it recovers in excess of the lien amount.[11] Thus, if the employee chooses not to participate, there is no requirement that the employer establish that the employee has been fully and completely compensated in order to recover on its lien. This provision recognizes that the full and complete compensation rule is designed to protect the injured employee,[12] and thus, the employee may waive his rights to claim protection of the rule by choosing not to participate in the employer's suit. Nothing in subsection (c) would prevent an injured employee who joins or intervenes in his employer's action from waiving his right to claim full and complete compensation. Nor does subsection (c) preclude an employee from waiving the requirement that

---

[6] Compare OCGA § 34-9-11.1 (c) (limiting definition of employee "for purposes of this subsection only").

[7] OCGA § 34-9-11.1 (c).

[8] See *Bartow County Bd. of Educ. v. Ray*, 229 Ga. App. 333, 334 (494 SE2d 29) (1997).

[9] See *Anthem Cas. Ins. Co. v. Murray*, 246 Ga. App. 778 (542 SE2d 171) (2000); *Liberty Mut. Ins. Co. v. Johnson*, 244 Ga. App. 338 (535 SE2d 511) (2000).

[10] *Liberty Mut.*, 244 Ga. App. at 341.

[11] OCGA § 34-9-11.1 (c).

[12] See *Bartow County*, 229 Ga. App. at 334.

the employer prove full and complete compensation.[13] This construction of subsection (c) is consistent with the public policy of providing benefits at a reasonable cost.[14] Additionally, it avoids the unintended result of providing immunity to the tortfeasor.

The settlement and release agreement between Hi-Ranger and Franks demonstrates that Franks has waived his right to insist that GEMC prove that he has been fully and completely compensated. It specifically provided that GEMC "is not released herein and the workers' compensation subrogation claim asserted by [GEMC] for the benefits paid in behalf of Tim Franks shall remain pending before the court." Because nothing in the agreement between Hi-Ranger and Franks is against public policy, we conclude that it is controlling. Therefore, GEMC's cause of action against Hi-Ranger to recover workers' compensation benefits paid to Franks is not extinguished by the settlement of Franks' claim against Hi-Ranger.

*Question answered. All the Justices concur.*

DECIDED MAY 13, 2002.

*Akin & Tate, S. Lester Tate III*, for appellant.
*Nelson, Mullins, Riley & Scarborough, Richard B. North, Jr., Elisa A. Smith*, for appellees.

---

[13] Id. (noting statute does not provide method by which employer must prove full and complete compensation).

[14] See G. Mark Cole, Legislative Review, 9 Ga. St. U. L. Rev. 285, 293 n. 60 (1992) (by providing for subrogation lien, legislature intended to provide cost-containment of workers' compensation system).