A02A0720. CITY OF WARNER ROBINS v. BAKER.
(565 SE2d 919)

SMITH, Presiding Judge.

In this case, Milton Baker's employer, the City of Warner Robins, appeals from the trial court's order granting Baker's motion to extinguish the city's subrogation lien asserted under OCGA § 34-9-11.1 (b) for payments made to Baker under the Georgia Workers' Compensation Act, OCGA §§ 34-9-1 through 34-9-421.[1] The city raises four enumerations of error, contending that the trial court made procedural and evidentiary errors, wrongly assigned the burden of proof, and erred in its conclusion. We find no error and affirm the judgment below.

The record shows that Baker was employed by the city as a meter reader. He was injured in an automobile accident in the course of his employment on February 2, 1995, and the city accepted the

---

[9] Id.
[10] 274 Ga. 582, 584-585 (5) (555 SE2d 701) (2001).
[1] The city filed an application for discretionary appeal, apparently believing that application was required under OCGA § 5-6-35 (a) (1) and (b). But that Code section applies only to decisions of the superior court reviewing decisions of the State Board of Workers' Compensation. The order in this case was entered by the State Court of Houston County, and it did not review a decision of the State Board, but rather ruled on a motion to extinguish a lien, after an action brought in that court had been settled. No application therefore was required.

injury as compensable, paying medical and income benefits. Baker filed suit against the tortfeasor on January 28, 1997, and began negotiations leading to a settlement. The city was aware of the negotiations and informed Baker of its intent to file a subrogation lien against any settlement he might receive pursuant to those negotiations. The city did not, however, intervene in the lawsuit. In September 2000, Baker accepted a settlement from the tortfeasor's insurer in the amount of $90,000 and the action was dismissed with prejudice. In June 2001, Baker filed a motion to extinguish the city's subrogation lien. He argued both that the city had waived its lien or was estopped to enforce it and that he had not been "fully and completely compensated" as required by OCGA § 34-9-11.1 (b). The trial court granted Baker's motion after a hearing, and the city appeals.

1. In two enumerations of error, the city contends the trial court erred procedurally by admitting evidence at the hearing on Baker's motion.

(a) The city first argues that it was given no notice that the hearing was to be evidentiary in nature, that the court did not specifically direct that an evidentiary hearing be held, as permitted under OCGA § 9-11-43 (b), that it was surprised by the court's decision to allow evidence, and that its argument was prejudiced thereby.

We first note that no transcript of the hearing is included in the record. We cannot, therefore, review for error any evidentiary rulings made by the trial court. An appellant has the burden of providing us with a sufficient record to enable us to review the enumerations of error raised. When the error is shown only in the appellant's brief and not by the record, we must assume that the trial court's rulings were correct. *Barnett Bank &c. v. Hazel*, 251 Ga. App. 836, 838-839 (2) (555 SE2d 195) (2001).

In addition, the city should have been aware that evidence would be presented at the hearing, because the issue for decision was whether the city could enforce its subrogation lien. Ultimately, this was dependent upon whether Baker had been fully and completely compensated, which is a mixed question of law and fact. *Anthem Cas. Ins. Co. v. Murray*, 246 Ga. App. 778, 780-781, n. 10 (542 SE2d 171) (2000). It therefore requires the presentation of evidence.

But even if the trial court did err in admitting evidence, any prejudice to the city was cured by the trial court's holding the record open for 15 days after the hearing, to permit the city to review and respond to Baker's evidence and to present its own evidence. Moreover, any error in the admission or exclusion of evidence that in no event could have affected the outcome of the case is deemed harmless. *Powers Ferry Constr. v. Commerce Builders*, 191 Ga. App. 327, 329 (2) (381 SE2d 755) (1989). As discussed infra in Division 3, any error in the admission of evidence at the motion hearing could not

have affected the outcome, because the city cannot come forward with any evidence showing that Baker has been "fully and completely compensated" for his injury.

(b) The city also argues that the trial court erred in allowing supporting evidence at the motion hearing because the evidence was not attached to the motion when it was filed, in violation of Uniform Superior Court Rule 6.1, which is also applicable in the State Courts. See Uniform State Court Rules (A). That rule provides, in pertinent part:

> In civil actions every motion made prior to trial, except those consented to by all parties, when filed shall include or be accompanied by citations of supporting authorities and, where allegations of unstipulated fact are relied upon, supporting affidavits, or citations to evidentiary materials of record.

Id. This contention, too, lacks merit because no transcript is included in the record, and because any error did not affect the outcome. We also note that USCR 6.1 clearly applies to motions made "prior to trial." In this case, the motion was made after the claim had been settled and the action dismissed. USCR 6.1 is therefore inapplicable.

2. The city maintains that the trial court erred in concluding that the city, and not Baker, carried the burden of proof on the issue of whether Baker had been fully and completely compensated. The city concedes that under the case law, it is clear that the burden of proof is the employer/insurer's when the claimant has been awarded damages for economic and noneconomic losses after a jury trial. It argues, however, that the reason the burden is placed upon the employer/insurer in those cases is because the employer/insurer is granted the concomitant right of intervention in jury trials concerning subrogation liens and is *required* to intervene in order to preserve the lien. According to the city, the situation is different when the claimant *settles* his or her claim with the third-party tortfeasor, because in that situation the claimant voluntarily forgoes a jury trial, thereby "cutting off the intervention rights" of the employer/insurer, which is not required to intervene in the negotiations.

The city is mistaken. The right of intervention is voluntary; an employer/insurer is never "required" to intervene. *Dept. of Admin. Svcs. v. Brown*, 219 Ga. App. 27, 28 (464 SE2d 7) (1995) (interpreting statutory language granting intervention right as allowing employer/insurer "to intervene if it chooses to do so").

Even though an employer/insurer that has a subrogation lien has an absolute right to intervene in both trials and settlement negotiations, the existence of the lien itself is not dispositive. The

employer/insurer must act to protect it. *Murray*, supra, 246 Ga. App. at 782; *Brown*, supra, 219 Ga. App. at 28.[2] The claimant in this case concedes that the city's lien survived the settlement. Indeed, the claimant admits that in this case the city's lien survived the settlement even though the city had knowledge of the settlement negotiations and still did not intervene. But the fact that the city did not intervene affects only whether it adequately protected its interest, not the survival of the lien. The only issue before the court below was whether Baker had been "fully and completely compensated" within the meaning of OCGA § 34-9-11.1 (b). On that issue, the employer carries the burden of proof, whether the employee has received compensation from the tortfeasor through a jury award or by settling his claim against the tortfeasor.[3]

3. The city finally contends that the trial court erred in determining that Baker had not been "fully and completely compensated," as required by OCGA § 34-9-11.1 (b). We do not agree.

Under OCGA § 34-9-11.1 (b), the employer's lien may be enforced only "if the injured employee has been fully and completely compensated, taking into consideration both the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury." Id. When the employee has received a jury award, an appellate court cannot determine from a general verdict form what portion of an award was meant to compensate the employee for economic losses and what portion was meant to cover noneconomic losses. *North Bros. Co. v. Thomas*, 236 Ga. App. 839, 841 (513 SE2d 251) (1999). The same is true when the employee negotiates a settlement of his claim against the tortfeasor and the settlement is a lump sum. A reviewing court cannot determine from the settlement documents what portion of the settlement was allocated to economic losses and what portion was meant to compensate for noneconomic losses. The

---

[2] We agree with the city that the subrogation lien survives even under more compelling circumstances, such as when a third-party tortfeasor settles with the claimant knowing about the employer/insurer's subrogation lien but without the employer/insurer's knowledge or consent to the settlement. *Rowland v. Dept. of Admin. Svcs.*, 219 Ga. App. 899, 902 (466 SE2d 923) (1996). See also *Ga. Elec. Membership Corp. v. Hi-Ranger, Inc.*, 275 Ga. 197 (563 SE2d 841) (2002).

[3] OCGA § 34-9-11.1 (c), cited by the city as demonstrating that its lien is enforceable even if Baker has not been "fully and completely compensated," does not apply to the facts of this case. That subsection applies only when an employee fails to pursue the claim against the third-party tortfeasor within one year of the date of the injury. The subsection then assigns the employee's rights to the employer, enabling the employer to bring an action against the tortfeasor. If the employer does so and recovers more than the amount of the lien, the employer must then pay over to the employee the remainder of the recovery. That has no relevance to the standard applicable when the employee brings an action against the third-party tortfeasor and the employer asserts a subrogation lien under subsection (b) of the statute.

result is that the lien cannot be enforced, because full and complete compensation cannot be shown. Id.

Because the record includes no transcript, we must determine whether Baker has been "fully and completely compensated" from the settlement documents and the record. Contrary to the city's argument, the fact that Baker settled his claim, released the tortfeasor, and dismissed his action with prejudice does not prove that he has been "fully and completely compensated." The statute does not differentiate between jury awards and compromise settlements. It speaks in terms of a claimant's "recovery." Neither does the case law differentiate between jury awards and settlements. See *Liberty Mut. Ins. Co. v. Johnson*, 244 Ga. App. 338, 340-341 (535 SE2d 511) (2000) (standard applied to settlement). As a matter of common sense, a decision to proceed to trial presents a significant risk, and a decision to settle for an amount less than what is perceived to be the full value of the claim is often made simply to minimize risk. Such a decision certainly does not always indicate that the claimant has been "fully and completely compensated."

Here, the record shows that Baker is permanently disabled, receives Social Security disability benefits, and is unable to work. His settlement of $90,000 from the tortfeasor represents only five years of former salary. Of this amount, Baker received $58,725.80, after subtracting attorney fees and costs. The lien amount is $48,977.25. He has undergone two back surgeries and incurred medical expenses of $135,000-$137,000, with the possibility of more expenses in the future. He has become depressed, retreated into alcoholism, and has suicidal tendencies. Given Baker's economic damages, the indications of pain and suffering, the possibility of future medical expenses, and the amount of net proceeds available to him, the record demonstrates no abuse of discretion on the part of the trial court in concluding that the city failed to carry its burden of showing that Baker has been "fully and completely compensated."

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED MAY 31, 2002.

*Murphy & Sibley, Phillip A. Sibley, Benjamin A. Leonard*, for appellant.

*Adams, Hemingway & Wilson, F. Bradford Wilson, Jr.*, for appellee.