A07A1023. PASCHALL TRUCK LINES, INC. v. KIRKLAND.
(651 SE2d 804)

ADAMS, Judge.

Paul Kirkland, the appellee in this action, was driving a truck for appellant Paschall Truck Lines, Inc. when he was hit by another commercial vehicle. The accident occurred in Georgia, where Kirkland is a resident. Kirkland filed a workers' compensation claim in Kentucky, where Paschall's main office is located and received medical and indemnity benefits pursuant to Kentucky's workers' compensation law. He also filed a workers' compensation claim in Georgia against Paschall. The parties negotiated a settlement of Kirkland's workers' compensation claims and entered into a stipulation and agreement as to those claims. This agreement was subsequently approved by the Georgia State Board of Workers' Compensation.

Kirkland also brought suit against the driver that hit him and his employer in Georgia. Paschall filed a motion to intervene in that action to assert a subrogation lien for the workers' compensation benefits it had paid to Kirkland as provided by OCGA § 34-9-11.1. Kirkland subsequently settled his personal injury claims for $100,000.

Kirkland filed a motion to extinguish Paschall's subrogation lien arguing that workers' compensation benefits were paid to him under Kentucky's but not under Georgia's workers' compensation law and thus Paschall had no right to assert a subrogation lien under OCGA § 34-9-11.1 (b) against the settlement proceeds. See *Johnson v. Comcar Indus.*, 252 Ga. App. 625, 626 (556 SE2d 148) (2001) ("OCGA § 34-9-11.1 (b) plainly provides the employer or insurer a right of subrogation limited to benefits paid under the Georgia Workers' Compensation Act."). The trial court, construing Kirkland's motion as a motion for partial summary judgment as to Paschall's right to subrogation, and citing the language in the agreement stating that the consideration for the settlement of the Georgia claim was the same consideration as had been paid for the settlement of Kirkland's Kentucky workers' compensation claim, agreed that no benefits had

been paid under the Georgia Workers' Compensation Act and thus found that Paschall had no right of subrogation under the Act. Paschall appeals.

As is pertinent here, OCGA § 34-9-11.1 (b) provides:

> In the event an employee has a right of action against such other person as contemplated in subsection (a) of this Code section and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien. However, the employer's or insurer's recovery under this Code section shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated, taking into consideration both the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

Paschall argues that as the nonmovant for summary judgment, the trial court erred by construing the stipulation and settlement agreement against it, and by finding that there was no issue of fact as to whether workers' compensation benefits were paid under Georgia's as well as Kentucky's workers' compensation laws. In support of its argument, Paschall argues that the agreement does not state on its face whether the income and medical benefits were paid to Kirkland under the Georgia or Kentucky act and that the additional amount to settle the claims was not paid until the agreement was approved by the Georgia State Board of Workers' Compensation. Additionally, Paschall argues that the language in the agreement providing that the same consideration was used to settle both the Georgia and Kentucky workers' compensation claims should be construed so that at least some part of the consideration is viewed as settling the Georgia claim. Additionally, Paschall also points to language in the agreement that provides that the employer and insurer "maintain" their right of subrogation against any third-party tortfeasor.

Pretermitting whether the trial court correctly determined that no benefits had been paid under the Georgia Workers' Compensation Act and thus the employer had no right of subrogation to the tort claim settlement proceeds, the trial court's order in this case must be

affirmed "under the principle that 'a judgment right for any reason will be affirmed.'" (Citation omitted.) *Powell v. Brown*, 281 Ga. 609 (641 SE2d 519) (2007). In addition to requiring benefits to be paid under the Georgia Act, OCGA § 34-9-11.1 (b) sets forth the additional requirement that the employee must be fully and completely compensated for his injury in order for the employer's subrogation lien to be enforceable. Kirkland raised this issue in the trial court, and submitted evidence to support his contention that he has not been fully and completely compensated for his injury within the meaning of OCGA § 34-9-11.1. Paschall did not come forth with any evidence to show otherwise, although it is clear under Georgia law that "[o]n that issue, the employer carries the burden of proof, whether the employee has received compensation from the tortfeasor through a jury award or by settling his claim against the tortfeasor." (Footnote omitted.) *City of Warner Robins v. Baker*, 255 Ga. App. 601, 604 (2) (565 SE2d 919) (2002). Moreover,

> when the employee negotiates a settlement of his claim against the tortfeasor and the settlement is a lump sum[, a] reviewing court cannot determine from the settlement documents what portion of the settlement was allocated to economic losses and what portion was meant to compensate for noneconomic losses. The result is that the lien cannot be enforced, because full and complete compensation cannot be shown. [Cit.]

Id. at 604-605 (3).

We thus find that Paschall failed to carry its burden of showing that Kirkland was fully and completely compensated within the meaning of OCGA § 34-9-11.1 (b) and that, therefore, the trial court's decision granting summary judgment to Kirkland must be affirmed under the right for any reason rule. *Ga. Elec. Membership Corp. v. Garnto*, 266 Ga. App. 452, 455 (597 SE2d 527) (2004).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 11, 2007.

*Hamilton, Westby, Antonowich & Anderson, Steven A. Westby, David L. Black*, for appellant.

*Hinton & Powell, Douglas R. Powell, Dennis, Corry, Porter & Smith, Ronald R. Coleman, Jr.*, for appellee.