A10A2346. AUSTELL HEALTHCARE, INC. et al. v. SCOTT.
(707 SE2d 599)

ANDREWS, Judge.

Austell HealthCare, Inc. and Travelers Indemnity Company of America (collectively "intervenors") appeal from the trial court's grant of Dan Scott's motion to extinguish their subrogation lien. The trial court held that the intervenors could not prove that Scott had been fully compensated after he settled his lawsuit against third-party tortfeasors for a lump sum. Because the intervenors have come forward with no evidence that the trial court erred in determining that Scott had not been fully compensated, the trial court did not err in extinguishing the lien.

The record shows that Scott was employed by Austell Health-Care when he was injured in an automobile accident during the course and scope of his employment. Travelers Indemnity is Austell HealthCare's workers' compensation insurer.

Scott subsequently sued several parties that he claimed were responsible for the accident. At the time of Scott's suit, Austell and Travelers had a subrogation lien in the amount of $59,030.02 for disability benefits and medical expenses paid to Scott up to that point.

Austell and Travelers filed a motion to intervene in the suit and also requested that they be allowed to conduct discovery. The trial court granted the motion to intervene but denied their request to participate in discovery. The trial court did, however, order that intervenors be provided copies of all discovery materials.

After Scott settled his claim against the tortfeasors for a lump sum of $76,000, he filed a motion to quash the intervenors's lien,

---

[30] *Luker v. State*, 291 Ga. App. 434, 435 (2) (662 SE2d 240) (2008); *see also Medina v. State*, 234 Ga. App. 13, 15 (2) (505 SE2d 558) (1998) (same).

contending that because he had not been fully compensated, the lien should be dismissed. Scott pointed out that he had undergone two shoulder surgeries and it was determined that he was permanently partially disabled. He also stated that the disability benefits paid while he was totally disabled were significantly less than his pre-injury salary. As a result, he argued, the $76,000 paid to settle the tort suit did not equal "past and future indemnity losses coupled with past and future medical expenses."

The intervenors opposed the motion, and the trial court held a hearing on February 1, 2010[1] and issued its order three days later. The court ordered that the intervenors's lien be extinguished and ordered intervenors to pay Scott $1,915 in attorney fees. This appeal followed.

1. First, intervenors argue that the trial court erred in granting the motion to quash their lien. The lien was filed under the provisions of OCGA § 34-9-11.1 (b), which provides:

> (b) In the event an employee has a right of action against such other person as contemplated in subsection (a) of this Code section and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien. However, the employer's or insurer's recovery under this Code section shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated, taking into consideration both the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

The intervenors claim that the trial court erred in concluding that because there was a lump sum settlement, they could not prove that Scott had been fully compensated.

The employer carries the burden of proof of showing that the employee has been fully compensated, whether the employee has received compensation from the tortfeasor through a jury award or by settling his claim against the tortfeasor. *City of Warner Robins v.*

---

[1] The intervenors did not participate in the takedown of that hearing and have not filed a transcript of the hearing on appeal.

*Baker*, 255 Ga. App. 601, 604 (565 SE2d 919) (2002). In their response to Scott's motion to quash the lien, the intervenors came forward with no evidence at all from which the trial court could conclude that Scott had been fully compensated. Moreover, the intervenors chose not to participate in the takedown of the hearing and have provided us with no transcript of that proceeding. We must presume that the intervenors were given the chance to be heard on the issue. "An appellant has the burden of providing us with a sufficient record to enable us to review the enumerations of error raised. When the error is shown only in the appellant's brief and not by the record, we must assume that the trial court's rulings were correct." *City of Warner Robins*, supra at 602.

Instead, intervenors focus on the language in the trial court's order stating that "the Intervenor *cannot* prove that Mr. Scott has been fully compensated." (Emphasis supplied.) The order tracks the following language in *City of Warner Robins v. Baker*, supra:

> When the employee has received a jury award, an appellate court cannot determine from a general verdict form what portion of an award was meant to compensate the employee for economic losses and what portion was meant to cover noneconomic losses. The same is true when the employee negotiates a settlement of his claim against the tortfeasor and the settlement is a lump sum. A reviewing court cannot determine from the settlement documents what portion of the settlement was allocated to economic losses and what portion was meant to compensate for noneconomic losses. The result is that the lien cannot be enforced, because full and complete compensation cannot be shown.

Id. at 604-605. Accord *Paschall Truck Lines v. Kirkland*, 287 Ga. App. 497, 499 (651 SE2d 804) (2007); *North Bros. Co. v. Thomas*, 236 Ga. App. 839, 841 (513 SE2d 251) (1999).

Their argument that the trial court erroneously held that they "cannot" show that Scott was fully compensated is unavailing. "In order to constitute reversible error, both error and harm must be shown." *Kersey v. Williamson*, 284 Ga. 660, 663 (3) (670 SE2d 405) (2008). Although it appears that the trial court mistakenly believed that only after a liability award could the court hear evidence on whether the employee had been fully compensated, there is no evidence that this was reversible error. In order to prevail on their argument to this Court that the trial court erred in extinguishing their lien, intervenors must come forward with a proffer of sufficient evidence to show that Scott was fully compensated and that the trial court refused to consider this evidence. They have done neither.

Accordingly, there is nothing before us to show that the trial court's order extinguishing the lien was not proper. This enumeration of error is without merit.

2. Next, intervenors claim that the trial court was required to hold an evidentiary hearing. They cite to no authority in support of this claim and we find none. In any event, as previously stated, the record shows that the trial court did hold a hearing on Scott's motion to quash the lien and intervenors have not shown that they were prevented from introducing evidence at that hearing or even that they had any evidence to present.

3. The intervenors argue that the trial court erred in not allowing them to participate in discovery. The trial court allowed the intervenors to receive copies of discovery but not to conduct it themselves. We have previously held that an intervenor may file "whatever briefs, evidence, or other papers it chooses," and also "may choose discovery tactics different from those of a plaintiff. . . ." *Intl. Maintenance Corp. v. Inland Paper Board & Packaging*, 256 Ga. App. 752, 754 (1) (569 SE2d 865) (2002).

Nevertheless, in order to prove reversible error, the intervenors must come forward and point to pertinent evidence that was not produced during discovery between the parties. They did not do so below and have not done so on appeal. Accordingly, this enumeration presents nothing for our review.

4. The intervenors claim that the trial court erred in granting attorney fees to Scott. The intervenors's argument on appeal is that this award was an abuse of discretion because the trial court based the award on the "same erroneous legal theory . . . as its substantive ruling." The standard of review for an award of attorney fees under OCGA § 9-15-14 (b) is abuse of discretion. See *Bircoll v. Rosenthal*, 267 Ga. App. 431, 439 (600 SE2d 388) (2004).

The trial court stated in its order:

> Additionally, the Intervenor action in forcing the plaintiff to file a Motion [to extinguish the lien,] in the face of known preceden[ts] contrary to [its] position[,] coupled with my previous ruling of June 18, 2008, I hereby Order that the Intervenor pay the plaintiff's attorney fees of $1915.00.[2]

In a footnote, the trial court reiterated:

> The June 18, 2009 Order clearly stated, in part, "only after a liability award, for the Plaintiff, if any, shall this court hear evidence on those issues relevant to indemnity and

---

[2] (Footnote omitted.)

make its ruling from the bench." There has been no "award" in this case. Therefore, the Intervenor's insistence on failing to withdraw their lien after the issuance of the June 18, 2009, Order and a compromise settlement between defenda[n]ts and the plaintiff, while forcing the plaintiff to file a Motion to Extinguish is frivolous of the Intervenor under OCGA § 9-15-14 at el [sic].

If an employer has intervened in an employee's lawsuit against a third-party tortfeasor, after the employee has obtained a verdict in his favor *or* settled the case, it is the trial court's duty to consider evidence and determine whether the employee has been fully and completely compensated. See *Gen. Elec. Membership Corp. v. Garnto*, 266 Ga. App. 452, 453-454 (597 SE2d 527) (2004). In doing so, the trial court is required to weigh the evidence and make a factual determination as to whether the employer has carried its burden. Id. Thus, initially allowing a lien viability hearing "only after a liability award" and subsequently sanctioning the intervenors for refusing to withdraw their lien on this basis was an abuse of discretion. Accordingly, that portion of the trial court's order awarding attorney fees to Scott is reversed.

*Judgment affirmed in part and reversed in part. Ellington, C. J., and Doyle, J., concur.*

DECIDED MARCH 11, 2011.

*Mary K. Rogers, Christopher R. Reeves*, for appellants.
*Turkheimer & Hadden, John D. Hadden, Timothy J. Santelli*, for appellee.