A11A1440. MAPP v. WE CARE TRANSPORTATION SERVICES, INC. et al.
(717 SE2d 263)

PHIPPS, Presiding Judge.

Gladys E. Mapp, as representative of the estate of Vera L. Travis, appeals the trial court's order dismissing her Renewed Complaint for Personal Injuries (the "renewed complaint"). In their appellate briefs, all parties refer to the renewed complaint. Because the appellate record does not contain a copy of the renewed complaint, this court ordered the trial court to transmit it for inclusion in the record on appeal and sent copies of its order to all parties. In response, the trial court clerk submitted a letter stating that the clerk's office did not have a copy of the renewed complaint in its files, but had only a civil case initiation form. The appellant has made no effort to supplement the appellate record.

We review a trial court's ruling on a motion to dismiss de novo.[1] We cannot resolve the issues raised in this appeal because the appellant has failed to satisfy her "burden of providing us with a

---

[26] *Farley v. State*, 265 Ga. 622, 625 (2) (458 SE2d 643) (1995) (citations and punctuation omitted).

[1] *SunTrust Bank v. Hightower*, 291 Ga. App. 62 (660 SE2d 745) (2008).

sufficient record to enable us to review the enumeration[ ] of error[s] raised."[2] And the party asserting error must show it by the record; "mere assertions of error in briefs cannot satisfy this duty."[3] Under these circumstances, we must assume that the record supported the trial court's ruling.[4]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED SEPTEMBER 1, 2011 —
RECONSIDERATION DENIED OCTOBER 7, 2011.

*Michael B. King*, for appellant.
*Busch, Slipakoff & Schuh, Michael P. Bain*, for appellee.

---

[2] *Austell Healthcare v. Scott*, 308 Ga. App. 393, 395 (1) (707 SE2d 599) (2011) (citation and punctuation omitted).

[3] *Haughton v. Canning*, 287 Ga. App. 28, 29 (2) (650 SE2d 718) (2007) (citations and punctuation omitted).

[4] See id.; see also *Austell*, supra (when the alleged error is shown only in appellant's brief and not by the record, appellate court must assume trial court's rulings were correct); *Hertz Corp. v. McCray*, 198 Ga. App. 484, 486 (2) (402 SE2d 298) (1991) ("It is a well-established appellate rule that the burden is on the appellant to show error by the record, and when a portion of the [record] bearing upon the issue raised by the enumeration of error is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result.") (citation and punctuation omitted).