**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

February 1, 2013

# In the Court of Appeals of Georgia

A13A0604. MAPP v. WE CARE TRANSPORTATION SERVICES, INC. et al.

BARNES, Presiding Judge.

We granted the application for discretionary appeal filed by Gladys E. Mapp, as representative of the estate of Vera L. Travis, and upon review, we affirm the trial court.

Mapp filed a renewed complaint against We Care Transportation Services, Inc., Southeastrans, Inc., and Alvin A Haadee, alleging they were liable for causing injuries to Travis which resulted in her death. The trial court dismissed the complaint. Mapp is appealing the trial court's denial of her motion for an out-of-time appeal or, alternatively, to set aside the order dismissing her complaint. However, we have previously considered the merits of the trial court's dismissal in *Mapp v. We Care*

*Transportation Services,* 311 Ga. App. 879 (717 SE2d 263) (2011).[1] We noted in

*Mapp* that the party asserting error had the burden of providing this court with a

sufficient record to enable it to review the error. Because the appellate record did not

include a copy of the complaint, we were required to assume that the trial court ruled

correctly and we affirmed the dismissal. Id. at 879-880.

After this case was remitted to the trial court, Mapp filed her motion for an out-

of-time appeal or to set aside the dismissal order. The parties briefed the issue, and

after a hearing at which Mapp did not appear, the trial court denied the motion. Mapp

appeals the denial of her motion for an out-of-time appeal or to set aside the

---

[1]Mapp as the estate administrator initially brought this claim in Henry County for Travis's pre-death pain and suffering and medical expenses, along with the claims of Vera Travis's four children for wrongful death. The trial court denied the defendants' motion for summary judgment as to Mapp's claims, and Mapp subsequently dismissed her portion of the complaint without prejudice. The court granted summary judgment to the defendants on the children's wrongful death claim and they appealed. The trial court then granted the defendants' motion to dismiss the appeal because the children failed to pay the cost of preparing the appellate record, and they appealed that order. This court affirmed the dismissal as to two of the children but reversed as to the other two and remanded for the trial court to determine the truth of their affidavits of indigency. *Mapp v. We Care Transp. Svcs.*, 314 Ga. App. 391 (724 SE2d 790) (2012). We also previously denied the plaintiffs' application to appeal the Henry County state trial court's attorney fee award to the defendants under OCGA § 9-15-14 in application number A11D0112. We do not consider here whether any of Mapp's claims in this case are subject to collateral estoppel rules.

2

dismissal, arguing that the trial court abused its discretion because she never received notice of the hearing.

First, "we note that although the superior court may grant an out-of-time appeal in a criminal case, such relief is not available in a civil case such as this." *Register v. Elliott*, 285 Ga. App. 741, 744 (647 SE2d 406) (2007). Nevertheless, pretermitting whether or not Mapp was served with notice of the hearing on her motion, we note that the order Mapp sought to set aside "has been affirmed by this Court, as noted above, and is now the law of the case in this matter." *Rice v. Lost Mountain Homeowners Assoc.*, 288 Ga. App. 714 (1) (655 SE2d 214) (2007). "[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h).

> Upon the remittitur from the appellate court being filed in the trial court, the issue is res judicata, and the lower court has no authority to allow the movant to amend his motion. Nor can it hear further evidence or consider any other matter that would otherwise affect the finality of the judgment of this court. The only action which that court had authority or power to take was to make the judgment of this court the judgment of the trial court and to enter an order [reflecting this court's decision.]

*Shepherd v. Shepherd*, 243 Ga. 253, 254-255 (253 SE2d 696) (1979).

Accordingly, the trial court's order is affirmed.

*Judgment affirmed. Miller and Ray, JJ., concur.*