S12G1317. WOODCRAFT BY MACDONALD, INC. et al.
v. GEORGIA CASUALTY AND SURETY COMPANY.
(743 SE2d 373)

MELTON, Justice.

Following the fracture of an underground gas pipeline owned and operated by Atmos Energy Corporation, a subsequent fire and explosion damaged a building owned by Woodcraft by MacDonald, Inc. d/b/a Coachcraft. Coachcraft's insurer, Georgia Casualty and Surety Company (Georgia Casualty), paid Coachcraft $1,675,169 under two policies and then pursued its own subrogation rights against Atmos in federal court where Coachcraft and its owner, Brad MacDonald (collectively "Coachcraft"), intervened as plaintiffs. After more than two years of discovery and preparation for trial, Georgia Casualty decided to settle its claims against Atmos for $950,000. Coachcraft filed an objection to the settlement, arguing Georgia Casualty was prohibited from settling its subrogation claims until Coachcraft was "made whole." The federal court denied the objection. In lieu of continuing its own federal case, Coachcraft also settled its claims against Atmos for $125,000.

Following the settlements, Coachcraft demanded Georgia Casualty pay, from its settlement, the remaining amount it claimed was necessary to make it whole from the damage to its building ($179,130.59). Georgia Casualty refused the demand, and Coachcraft brought the instant litigation in superior court asserting breach of the insurance

policy and bad faith refusal to ensure that it was made whole. The trial court denied Georgia Casualty's motion for summary judgment on the breach of contract claim, but granted summary judgment on the bad faith claim. On interlocutory appeal, the Court of Appeals found that summary judgment for Georgia Casualty was warranted on both the breach of contract and bad faith claims. In ruling on the breach of contract claim, the court held that the "made whole" doctrine did not require Georgia Casualty to demonstrate that Coachcraft had been fully compensated prior to exercising its subrogation rights under the insurance policy. Accordingly, the Court of Appeals reversed the trial court's ruling on the breach of contract claim and affirmed its ruling on the bad faith claim. *Ga. Cas. and Sur. Co. v. Woodcraft by MacDonald, Inc.*, 315 Ga. App. 331 (726 SE2d 793) (2012). This Court granted Coachcraft's petition for certiorari to determine whether the Court of Appeals erred when it reversed the trial court's denial of summary judgment to Georgia Casualty on the breach of contract claim. For the reasons that follow, we affirm.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). We review the grant or denial of a motion for summary judgment de novo, and "we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010).

Coachcraft contends that, with respect to an insurance contract that covers commercial property damage, the complete compensation rule or "made whole" doctrine requires that an insured be fully compensated prior to an insurer's settlement of its subrogation rights with the tortfeasor. Coachcraft is incorrect. The "made whole" doctrine does not apply to a commercial property insurance contract, such as the one here, that expressly authorizes an insurer to pursue its subrogation rights after compensating the insured for damage to its property.[1] *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 614 (1) (299 SE2d 561) (1983) ("In Georgia, insurance is a matter of contract, and

---

[1] The relevant contract provision here states:
TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US. If any person or organization to or for whom we make payment under the Coverage Part has rights to recover damages from another, those rights are transferred to us to the extent of our payment.

the parties to an insurance policy are bound by its plain and unambiguous terms. [Cit.]"). See also *Carter v. Banks*, 254 Ga. 550, 552 (1) (330 SE2d 866) (1985) (recognizing longstanding right at common law for insurance companies to pursue subrogation "in *property* damage claims," because property damage claims against a tortfeasor may be assigned to insurer by the insured) (emphasis supplied). Indeed, as a doctrine that would otherwise limit an insurance company's right to pursue subrogation, the "made whole" rule has only been applied in Georgia with respect to *personal injury* claims and matters involving an insurer's right to be reimbursed by the insured for paying medical or other benefits to them. See, e.g., *Duncan v. Integon Gen. Ins. Corp.*, 267 Ga. 646, 647 (482 SE2d 325) (1997) ("made whole" doctrine required that insured be completely compensated for his losses before his insurer could exercise right of reimbursement for medical benefits paid); OCGA § 33-24-56.1 (c) (With respect to "the settlement of any claim for *personal injury* [between the insured and tortfeasor] . . . [i]f the court determines said settlement does not fully and completely compensate the injured party, the benefit provider has no right of *reimbursement*.") (emphasis supplied); OCGA § 34-9-11.1 (b) (With respect to subrogation liens in the context of workers' compensation, an "employer's or insurer's recovery . . . shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated."). See also *Ga. Elec. Membership Corp. v. Hi-Ranger, Inc.*, 275 Ga. 197 (563 SE2d 841) (2002) (analyzing subrogation rights pursuant to *workers' compensation statute*, OCGA § 34-9-11.1).

In the context of an insurance policy that grants subrogation rights to an insurer with respect to a claim for damage to a commercial building, the Legislature has specifically declined to include a "made whole" provision in the statute that directly governs such an insurance policy. See generally OCGA § 33-7-6 (detailing requirements for "real or personal property" insurance contracts). See also *Morton v. Bell*, 264 Ga. 832, 833 (452 SE2d 103) (1995) ("[I]f some things (of many) are expressly mentioned [in a statute], the inference is stronger that those omitted are intended to be excluded than if none at all had been mentioned.") (citations and punctuation omitted). As the ultimate arbiter of Georgia public policy, it is for the Legislature to determine whether the "made whole" doctrine would apply as a matter of law to a commercial property insurance policy that grants subrogation rights to an insurer. *Commonwealth Investment Co. v. Frye*, 219 Ga. 498, 499 (134 SE2d 39) (1963) ("[T]he legislature . . . is

empowered by the Constitution to decide public policy, and to implement that policy by enacting laws"). Because no "made whole" provision exists in OCGA § 33-7-6, we cannot by judicial fiat create one and invent a right for Coachcraft to be "made whole" before Georgia Casualty could properly pursue its subrogation rights under the insurance contract. *Ford Motor Co. v. Carter*, 239 Ga. 657, 663 (238 SE2d 361) (1977) (Appellate courts cannot, "by judicial opinion, enlarge upon or by construction grant rights or causes of action not clearly included in the statute itself.").

For this reason, we uphold the Court of Appeals' ultimate conclusion that the "made whole" doctrine did not require Georgia Casualty to demonstrate that Coachcraft had been fully compensated prior to exercising its subrogation rights under the insurance policy.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 20, 2013.

*Waldrep, Mullin & Callahan, Clarence M. Mullin*, for appellants. *Bondurant, Mixson & Elmore, Frank M. Lowrey IV, Naveen Ramachandrappa, Temple, Strickland, Dinges & Schwartz, William D. Strickland*, for appellee.