**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

June 27, 2022

# In the Court of Appeals of Georgia

A22A0390. DONEGAL MUTUAL INSURANCE GROUP v. JARRETT.

MCFADDEN, Presiding Judge.

Donegal Mutual Insurance Group appeals from the trial court's grant of summary judgment to Jeffrey Jarrett in Donegal's action to enforce a workers' compensation subrogation lien on Jarrett's recovery against a third-party tortfeasor in a separate action. Finding no genuine issues of material fact that would bar summary judgment to Jarrett, we affirm.

1. *Facts and procedural history.*

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable

conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Performance Food Group v. Williams*, 300 Ga. App. 831, 831-832 (686 SE2d 437) (2009) (citations omitted).

So viewed, the evidence shows that Jarrett was seriously injured at work. His employer's insurer, Donegal, paid Jarrett $130,359.02 in workers' compensation benefits. Jarrett also brought an action for negligence against a third-party tortfeasor, in which he sought economic and noneconomic relief in the form of general, special, and punitive damages. Donegal notified Jarrett's counsel that it had a subrogation lien giving it the right to pursue repayment of the workers' compensation benefits it had paid to Jarrett, should Jarrett recover from the third-party tortfeasor. It appears from the record that Donegal did not seek to intervene in the action brought by Jarrett.

Jarrett and his wife entered into a settlement agreement with the third-party tortfeasor under which they recovered a lump-sum amount of $520,000, some of which went to attorney fees and costs of litigation. They signed a release stating, among other things, that the settlement was a "compromise of potential, doubtful and disputed claims[,]" that "the consideration paid hereunder is paid and received to compromise and settle disputed claims[,]" that "the damages and losses allegedly

sustained by [Jarrett] are, or may be, uncertain[,]" and that "the consideration paid hereunder does not fully compensate [Jarrett] and/or make him whole for the injuries and damages that he sustained or incurred as a consequence of the incident[.]"

Donegal then brought the instant action, in which it sought to enforce a subrogation lien against Jarrett's settlement with the third-party tortfeasor. Jarrett stated in his answer that Donegal "has a right to assert a subrogation lien pursuant to OCGA § 34-9-11.1 (b), but cannot recover on its asserted lien pursuant to that statute as [Jarrett] has not been made whole or fully compensated." Jarrett also moved for summary judgment on that ground.

In response, Donegal argued that there was a genuine issue of material fact about whether the settlement had fully and completely compensated Jarrett. In support of its argument, Donegal pointed to evidentiary disputes about Jarrett's current physical condition, the effects of his injury on his day-to-day living and activities, and his future prognosis.

The trial court granted Jarrett's motion for summary judgment, finding that he met his burden of showing that there were no genuine issues of material fact and that Donegal had "not sufficiently rebut[ted]" Jarrett's showing. See generally *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (once a defendant moving

for summary judgment discharges his burden of "either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims[,]" then the nonmoving party "must point to specific evidence giving rise to a triable issue") (citations and punctuation omitted). This appeal followed.

2. *Analysis.*

Donegal seeks to enforce a subrogation lien under OCGA § 34-9-11.1 (b), which addresses situations in which an injury compensable under the Workers' Compensation Act "is caused under circumstances creating a legal liability against some person other than the employee[.]" OCGA § 34-9-11.1 (a). It provides:

> In the event an employee has a right of action against such other person . . . and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien . . . against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien.[1] However, the employer's or insurer's recovery under this Code section shall be limited to the recovery of the amount of disability benefits,

---

[1] The fact that Donegal did not intervene in Jarrett's action against the third-party tortfeasor in this case "affects only whether [Donegal] adequately protected its interest, not the survival of the lien." *City of Warner Robins v. Baker*, 255 Ga. App. 601, 604 (2) (565 SE2d 919) (2002).

4

death benefits, and medical expenses paid under this chapter and *shall only be recoverable if the injured employee has been fully and completely compensated*, taking into account both the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

OCGA § 34-9-11.1 (b) (emphasis supplied). As the statutory language indicates,

[w]hen an employee files suit under subsection (b), the [insurer] may recover on its lien only after the employee has been fully and completely compensated. In practice, this rule requires the [insurer] to assert its lien against the employee after the employee has recovered a judgment or settled his claim. The burden is then on the [insurer] to establish that the employee has been fully and completely compensated.

*Ga. Elec. Membership Corp. v. Hi-Ranger*, 275 Ga. 197, 198 (2) (563 SE2d 841) (2002) (citations omitted). See *Austell HealthCare v. Scott*, 308 Ga. App. 393, 394 (1) (707 SE2d 599) (2011) ("The employer [or insurer] carries the burden of proof of showing that the employee has been fully compensated, whether the employee has received compensation from the tortfeasor through a jury award or by settling his claim against the tortfeasor.").

"[A] workers' compensation subrogation lien is available only against recovery for economic losses[.]" *Endsley v. Geotechnical & Environmental Consultants*, 339

5

Ga. App. 663, 672 (1) (794 SE2d 174) (2016) (citation and punctuation omitted). The trial court cannot enforce it against noneconomic losses such as pain and suffering. *Best Buy Co. v. McKinney*, 334 Ga. App. 42, 45 (1) (778 SE2d 51) (2015). So for an insurer to meet its burden to enforce the lien, it "must show that the employee has been fully and completely compensated as to each category of noneconomic loss for which the insurer seeks subrogation and that no portion of the lien is taken against recovery for noneconomic losses." *Endsley*, 339 Ga. App. at 672 (1) (citation, punctuation, and emphasis omitted). Where "there is an economic recovery, the trial court[, acting as the factfinder,] must determine if the benefits paid exceed the recovery or if there exist economic damages unrecovered." *Canal Ins. Co. v. Liberty Mut. Ins. Co.*, 256 Ga. App. 866, 871 (1) (570 SE2d 60) (2002). "[I]f the trial court is unable to determine what portion of the employee's recovery against the third party was meant to compensate him for his economic losses versus his noneconomic losses, the court cannot enforce the lien." *Best Buy Co.*, 334 Ga. App. at 45 (1).

Jarrett argues that he is entitled to summary judgment because there is no evidence from which the trial court can make this necessary determination. We agree.

Generally, a lump-sum settlement such as the one Jarrett received from the third-party tortfeasor prevents a court from determining "what portion of the

6

settlement was allocated to economic losses and what portion was meant to compensate for noneconomic losses." *Paschall Truck Lines v. Kirkland*, 287 Ga. App. 497, 499 (651 SE2d 804) (2007) (citation and punctuation omitted). Accord *City of Warner Robins v. Baker*, 255 Ga. App. 601, 604-605 (3) (565 SE2d 919) (2002). There are exceptions to this general rule. For example, we held in *Anthem Cas. Ins. Co. v. Murray*, 246 Ga. App. 778 (542 SE2d 171) (2000), that a question of fact existed as to whether a jury award against a third-party tortfeasor fully and completely compensated an employee, even though "the jury was not asked to itemize its damages award . . . [and] it was impossible to calculate how much of the jury award was intended as compensation for economic losses and how much for noneconomic losses." Id. at 780-781 (1). But in *Anthem Cas. Ins. Co.*, the employee had admitted in various briefs and pleadings "that the amount of the jury verdict plus 20 percent . . . would constitute 'a full and complete recovery[.]'" Id. at 780 (1). We held that, while not a binding admission in judicio, the employee's admissions were "nonetheless some evidence of the amount needed to fully and completely compensate [him,]" and that evidence was enough to preclude summary judgment to either party in the insurance company's action to enforce the subrogation lien. Id. at 780-781 (1).

Unlike the insurer in *Anthem Cas. Ins. Co.*, Donegal has pointed to no evidence that would help the trial court determine the amount that would constitute a full and complete recovery. Although Donegal argues that questions of fact exist regarding Jarrett's current condition and his need for additional medical treatment in the future, those facts are simply not material to the allocation of the lump-sum settlement payment between Jarrett's economic and noneconomic losses.

We also cannot presume that Jarrett received full and complete compensation "merely from the fact that the award exceeds the amount of workers' compensation benefits [he] received[.]" *Bartow County Bd. of Ed. v. Ray*, 229 Ga. App. 333, 335 (494 SE2d 29) (1997). The fact that Jarrett settled his claim and released the third-party tortfeasor

> does not prove that he has been fully and completely compensated. . . .
> As a matter of common sense, a decision to proceed to trial presents a significant risk, and a decision to settle for an amount less than what is perceived to be the full value of the claim is often made simply to minimize that risk. Such a decision certainly does not always indicate that the claimant has been fully and completely compensated.

*City of Warner Robins*, 255 Ga. App. at 605 (3) (punctuation omitted).

8

Finally, we are not persuaded by Donegal's argument that the language of Jarrett's release cannot be considered in deciding whether Jarrett is entitled to summary judgment. Donegal points specifically to the release language stating that the lump-sum settlement was a compromise that did not fully compensate Jarrett. Donegal argues that the trial court erroneously based her summary judgment ruling on that language, which Donegal describes as "self-serving," and it cites *SunTrust Bank v. Travelers Property Cas. Co. of America*, 321 Ga. App. 538 (740 SE2d 824) (2013) (physical precedent only), for the proposition that it cannot be bound by statements in a release to which it was not a party.

But even putting aside that *SunTrust Bank* is not binding authority, see Court of Appeals Rule 33.2 (2), the release language is relevant not because it somehow binds Donegal (it does not), but because it shows that Jarrett denied that the settlement fully compensated him. And the release documents generally are relevant because they reflect the terms of the settlement, showing that the settlement was a lump sum that was not allocated either between economic and noneconomic losses or between losses sustained by Jarrett and those sustained by his wife. We may properly consider the release documents for those purposes. See, e. g., *City of Warner Robins*, 255 Ga. App. at 605 (3) (granting motion to extinguish subrogation lien after

9

reviewing "the settlement documents and the record" to determine whether the claimant had been "fully and completely compensated").

As discussed above, the lump-sum nature of the settlement made it exceedingly difficult for Donegal to meet its burden of showing that Jarrett was fully and completely compensated. By pointing to the release, other record evidence, and legal tenets concerning the nature of lump sum settlements to show the terms of the settlement, Jarrett met his burden on summary judgment of "establishing from the record an absence of evidence to support [Donegal's] claim[]" that Jarrett had been fully and completely compensated. *Cowart*, 287 Ga. at 623 (1) (a) (citation and punctuation omitted). So the burden shifted to Donegal to point to specific evidence creating a genuine issue of fact on that issue. See id. Because Donegal failed to do so, we affirm the trial court's grant of summary judgment to Jarrett. See *Paschall Truck Lines*, 287 Ga. App. at 499.

*Judgment affirmed. Gobeil and Pinson, JJ., concur*.